## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL ALCARO WILLOUGHBY | : | |
| 1414 Mingo Street | : | CIVIL ACTION |
| Bristol, PA 19007 | : | |
| Plaintiff, | : | No.: |
| | : | |
| v. | : | |
| | : | |
| RHAWNHURST-BUSTLETON AMBULANCE | : | |
| ASSOCIATION | : | |
| 2044 Grant Avenue | : | JURY TRIAL DEMANDED |
| Philadelphia, PA 19115 | : | |
| Defendant. | : | |

## CIVIL ACTION – COMPLAINT

### I.       INTRODUCTION

Plaintiff, Carol Alcaro Willoughby ("Plaintiff"), hereby brings this action for discrimination in employment against Defendant Rhawnhurst-Bustleton Ambulance Association ("Defendant"), for manifold violations of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and the Pennsylvania Human Relations Act.

### II.       STATEMENT OF JURISDICTION

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, as Plaintiff's claims are primarily based on discrimination, arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.* ("ADEA"), and the Americans with Disabilities Act, and its 2008 amendments, Act 42 U.S.C. § 12101 *et seq.* ("ADA"). Additionally, pursuant to 28 U.S.C. §1367, this Court has Supplemental jurisdiction to hear all of Plaintiff's claims arising under the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.* ("PHRA").

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that Defendant resides in this district and virtually all of the acts described in this Complaint occurred in this district.

3. Plaintiff obtained a Notice of Right to Sue in the above referenced matter from the U.S. Equal Employment Commission Decision dated March 28, 2013 (attached hereto as Exhibit "A"). This lawsuit is being filed within ninety (90) days of Plaintiff's receipt of the said notice.

### III.   PARTIES

4. Plaintiff is a resident of the Commonwealth of Pennsylvania, residing therein at 1414 Mingo Street, Bristol, Pennsylvania 19007.

5. Defendant Rhawnhurst-Bustleton Ambulance Association is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining its principle place of business at 2044 Grant Avenue, Philadelphia, Pennsylvania 19115.

6. At all times relevant hereto, Defendant was defined as employer by each of the said acts and is therefore subject to all of the provisions provided therein. Furthermore, at all times relevant hereto, Plaintiff was defined as an employee by each of the said acts and is therefore subject to all of the protections provided therein.

### IV.   UNDERLYING FACTS

7. Plaintiff, a sixty-one (61) year-old disabled female, was employed by Defendant from in or about October of 1999 until on or about March 16, 2012, the date of her unlawful termination. Beginning in or about 2010, Plaintiff became employed as an Emergency Medical Technician ("EMT") on a full time basis and was responsible for attending to emergency situations.

8. At all times relevant, Plaintiff performed her job duties in an exemplary manner, she did not receive any disciplinary write-ups or infractions, and she regularly received positive verbal feedback from her supervisors. In 2011, Plaintiff received an award for her outstanding work performance.

9. Throughout the course of her employment, Defendant subjected Plaintiff to numerous instances of discrimination based on Plaintiff's sex (female) and age (61). At the time of her termination of employment, Plaintiff was the only female employee out of approximately the twenty (20) EMTs who Defendant employed to work on ambulances. Furthermore, Plaintiff was amongst the three (3) oldest

2

employees employed by Defendant.

10. In or about April of 2010, while performing her job, Plaintiff fell, causing her to sustain Effusion of the Knee, Knee Contusions, and Bursitis of the Knee.  Said medical conditions are disabilities under the PHRA and the ADA, in that they substantially impair one or more of her major life activities.  At all times thereafter, Defendant therefore had knowledge of Plaintiff's disabilities.

11. As further evidence of Defendant's discriminatory animus, Matt Brower ("Brower"), EMT, approximate age mid-twenties, male, stated to Plaintiff that emptying the trash was a woman's job.  Similarly, Brower additionally made numerous statements that women should not be allowed on Defendant's work ambulances.  Upon information and belief, at all times relevant, Brower was acting on behalf of Defendant.

12. On one occasion, Plaintiff witnessed Brower rip apart and throw out applications for employment sent in by female applicants to Defendant.  Plaintiff informed Brower that his actions were discriminatory, but Brower ignored Plaintiff's complaints of discrimination.

13.  Moreover, Defendant regularly mandated that Plaintiff and Evelyn Whitehouse ("Whitehouse"), EMT, female, clean the male restrooms.  Similarly situated male EMTs were not asked to clean either the male or female restrooms with the same frequency in which Plaintiff and Whitehouse were asked.

14. As a result of Defendant's repeated discriminatory behavior, on numerous occasions, including in or about late-2011, Plaintiff complained to Immaculata Wettrick-Fine ("Wettrick-Fine"), Vice President of Defendant, that she was being subjected to unlawful discrimination.  However, Wettrick-Fine habitually failed to take any corrective action.

15. On or about March 15, 2012 Plaintiff and Brower responded to an emergency call while at work.  During their response, Brower erroneously called for an "assist" to provide additional support for Plaintiff, implying that because of her age, sex, and actual and/or perceived disabilities and/or records of impairment she was unable to complete her job.  In actuality, at all times relevant, Plaintiff was able to perform all the essential functions of her job.

16. On or about March 16, 2012 Brower telephoned Plaintiff to inform her that her hours were being reduced and that she was not to report to work on her previously scheduled shifts of March 17, 2012 and March 18, 2012.

17. Despite Plaintiff's repeated requests as to the reasons for Brower's actions, he refused to answer any questions and directed Plaintiff to address any questions to Tim Hinchcliff ("Hinchcliff"), Acting Interim Manager, age forties (40's).

18. In accordance with Brower's direction, Plaintiff subsequently telephoned Hinchcliff.  Upon her inquiries, Hinchcliff became irrationally irate with Plaintiff and screamed at Plaintiff, exclaiming that because she was in her fifties (50's), she was too old to perform her job and should accordingly file for unemployment compensation benefits.

19. Plaintiff corrected Hinchcliff, informing him that she was, in fact, in her sixties, and Hinchcliff thereafter immediately terminated her employment and told Plaintiff to work at a nursing home.   By way of additional information, Hinchcliff spoke in such a loud voice that Plaintiff's husband, Robert Willoughby, was able to hear his discriminatory remarks.

20. Plaintiff avers that Defendant's articulated reason for her termination was pretextual and that she was actually terminated because of her age, sixty-one (61), her sex (female), and her actual/and or perceived disabilities and/or records of impairment.

## COUNT I - ADEA

21. Paragraphs 1 through 20 are incorporated herein by reference as though set forth in full.

22. Based on the foregoing, Plaintiff avers that Defendant violated the ADEA, which prohibits discrimination based on age, by subjecting her to age based discrimination and by terminating her employment based on her age.

23. Plaintiff prays that Defendant be required to provide all appropriate remedies under the ADEA.

## COUNT II – TITLE VII

24. Paragraphs 1 through 23 are incorporated herein by reference as though set forth in full.

4

25. Based on the foregoing, Plaintiff avers that Defendant violated Title VII prohibiting discrimination based on sex by subjecting her to sex based discrimination and by terminating her employment based on her sex.

26. Plaintiff prays that Defendant be required to provide all appropriate remedies under Title VII.

### COUNT III – ADA

27. Paragraphs 1 through 26 are incorporated herein by reference as though set forth in full.

28. Based on the foregoing, Plaintiff avers that Defendant violated the ADA by subjecting her to discrimination and by terminating her employment on the basis of her actual and/or perceived disabilities and/or records of impairment.

29. Plaintiff prays that Defendant be required to provide all appropriate remedies under the ADA.

### COUNT IV - PHRA

30. Paragraphs 1 through 29 are incorporated herein by reference as though set forth in full.

31. Based on the foregoing, Plaintiff avers that Defendant violated the PHRA prohibiting discrimination based on, among other things, sex, age and disability, by subjecting her to discrimination and by terminating her employment on the basis of her age, sex, and actual and/or perceived disabilities and/or records of impairment.

32. Plaintiff prays that Defendant be required to provide all appropriate remedies under the PHRA.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court enter a judgment in her favor against Defendant and order that:

    a.  Defendant reimburse Plaintiff for Defendant's actions, including, but not limited to, front pay, back pay, emotional distress, and other benefits and emoluments of employment lost as a direct result of Defendant's intentional and unlawful conduct;

    b.  Defendant pay to Plaintiff statutory and punitive damages to the extent permitted by law;

c.   Defendant pay Plaintiff's costs of suit, attorney's and expert fees if incurred in this matter,

and interest as permitted by law; and

d.   Defendant provides any additional relief which this Honorable Court deems appropriate.

Respectfully submitted,

BY:  _/s/ Faye Riva Cohen_____
LAW OFFICE OF FAYE RIVA COHEN, P. C.
FAYE RIVA COHEN, ESQUIRE
Attorney ID: 18839
2047 Locust Street
Philadelphia, PA 19103
(215) 563-7776
Attorney for Plaintiff

Date: 6/17/13